AUSA: Varun A. Gumaste

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **24 MAG 2353** |
| UNITED STATES OF AMERICA<br><br>                v.<br><br>DARIUS DAVIS,<br><br>                  Defendant. | <u>COMPLAINT</u><br><br>Violations of<br>21 U.S.C. § 841;<br>18 U.S.C. §§ 922(g), 924(c), and 2<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

      MICHAEL PASCALE, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

<u>**COUNT ONE**</u>
**(Distribution of Controlled Substances)**

      1.    On or about February 29, 2024, in the Southern District of New York and elsewhere, DARIUS DAVIS, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

      2.    The controlled substance involved in the offense was mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 2.)

<u>**COUNT TWO**</u>
**(Possession of a Firearm and Ammunition after a Felony Conviction)**

      3.    On or about February 29, 2024, in the Southern District of New York and elsewhere, DARIUS DAVIS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a loaded firearm and ammunition, to wit, one Hi-Point JCP .40 caliber handgun and twenty-two .40 caliber rounds of ammunition, and the firearm and ammunition were in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

**COUNT THREE**
**(Firearms Use, Carrying, and Possession)**

4.     On or about February 29, 2024, in the Southern District of New York and elsewhere, DARIUS DAVIS, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Complaint, knowingly used and carried a firearm, and, in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.     I am a Special Agent with the ATF. This affidavit is based upon my participation in the investigation, as well as my conversations with other law enforcement personnel and my examination of law enforcement and judicial reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6.     Based on my participation in this investigation, including my review of criminal history records for DARIUS DAVIS, the defendant, I have learned, among other things, the following:

   a. On or about May 14, 2021, DAVIS was convicted upon a plea of guilty in the United States District Court for the Southern District of New York of conspiracy to distribute and possess with intent to distribute cocaine base in violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846, a crime punishable by imprisonment for a term exceeding one year.

   b. On or about May 14, 2021, DAVIS was principally sentenced to a term of 41 months and ten days' imprisonment and four years of supervised release. DAVIS served more than one year in prison.

   c. DAVIS's term of supervised release commenced on or about November 2, 2023 and is set to expire on or about November 1, 2027. As part of his supervised release, DAVIS was prohibited from, among other things, (1) committing another federal, state or local crime, (2) unlawfully possessing a controlled substance, and (3) owning, possessing, or having access to a firearm, ammunition, destructive device, or dangerous weapon.

7.     Based on my participation in this investigation, including my review of reports, photographs, and records as well as my conversations with United States Probation ("Probation") officers who participated in the search described below, I have learned, among other things, the following:

   a. In or about February 2024, a confidential source (the "CS") informed law enforcement that the CS had recently purchased narcotics on multiple occasions from someone

who the CS later identified as DARIUS DAVIS, the defendant, at a building known to be where DAVIS resides, and that DAVIS possessed a firearm during at least one of these purchases.[1]

b.  On or about the morning of February 29, 2024, Probation officers entered DAVIS's residence – an apartment in a building in Manhattan, New York (the "Residence") – and conducted a search of the Residence (the "Search") based on the information received from the CS and pursuant to the terms of DAVIS's supervised release, which allows any Probation officer to conduct a search of DAVIS's residence when there is reasonable suspicion that a violation of the conditions of supervised release may be found.

c.  During the Search, Probation officers seized several items from a room that the Probation officers had identified as the bedroom shared by DAVIS and his wife, based on, among other information, the Probation officers' prior inspection of the Residence and the Probation officers' interactions with those present in the Residence at the time of the Search (the "Bedroom"). Among the items seized from the Bedroom were:

i.  A loaded firearm (the "Firearm") with nine rounds of ammunition, an extended magazine loaded with thirteen rounds of ammunition, a plastic bag containing a substance that, based on my review of NYPD records, I have determined the NYPD Police Laboratory later determined tested positive for the presence of cocaine base and weighed approximately 13.9 grams, numerous empty plastic vials, and $70 in U.S. currency, all of which were found in a locked box in a closet. These items are shown in the photographs below:




---

[1] The CS voluntarily provided this information to the New York City Police Department ("NYPD").  An NYPD detective subsequently paid the CS (out-of-pocket) approximately $60 for the information the CS provided in connection with DAVIS.  The CS has previously been convicted of numerous offenses, including petit larceny, grand larceny, burglary, criminal possession of stolen property, criminal possession of a controlled substance, sale of a controlled substance, assault, sexual abuse, and resisting arrest.  Previous information provided to the NYPD by the CS has been shown to be reliable based on corroboration by evidence obtained independently.




      ii. Twenty-one individual plastic vials, which were found in a pocket of a jacket found on a bench. Those vials each contained a substance that, based on my review of NYPD records, I have learned that the NYPD Police Laboratory later determined tested positive for the presence of cocaine base and weighed approximately 2.3 grams. Based on my training, experience, and participation in this investigation, I believe that these vials were packaged in a manner that is consistent with drug distribution, not personal use. These items are shown below:



    8.    Based on my communications with other law enforcement agents, including a Special Agent with ATF who is familiar with the manufacture of firearms and ammunition, I know that the Firearm is a Hi-Point JCP .40 caliber handgun and the recovered ammunition are .40 caliber rounds, and both the Firearm and recovered ammunition were not manufactured in the State of New York.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of DARIUS DAVIS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ Michael Pascale, by the Court, with permission
_____
MICHAEL PASCALE
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this  21  day of June, 2024.

_____
JAMES L. COTT
United States Magistrate Judge